AO 91 (REV.5/85) Criminal Complaint

AUSA Christopher R. McFadden 312-353-1931

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA **FILED**

MAGISTRATE JUDGE MASON

v.

**J N**  JAN 1 5 2008

**CRIMINAL COMPLAINT**

IKUKO ONOE

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CASE NUMBER:

# 08CR 0032

I, the undersigned complainant, being duly sworn on oath, state that the following is true and correct to the best of my knowledge and belief. On or about January 13, 2008, at Chicago, Illinois, in the Northern District of Illinois, Eastern Division, IKUKO ONOE, defendant herein,

being an alien, who previously had been deported and removed from the United States on or about October 23, 2007, attempted to enter and was found in the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security for reapplication by defendant for admission into the United States;

in violation of Title 8, United States Code, Sections 1326(a); and Title 6, United States Code, Section 202(4). I further state that I am an Enforcement Officer with U.S. Customs and Border Protection, and that this complaint is based on the facts contained in the Affidavit which is attached hereto and incorporated herein.

Signature of Complainant
JONATHAN T. CICHY
Enforcement Officer, U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence,

January 15, 2008
Date

at Chicago, Illinois
City and State

Michael T. Mason, U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

UNITED STATES DISTRICT COURT     )
                                          ) ss

NORTHERN DISTRICT OF ILLINOIS     )

## AFFIDAVIT

I, JONATHAN T. CICHY, being duly sworn, state as follows:

## I.   INTRODUCTION

1.       I am an Enforcement Officer with U.S. Customs and Border Protection ("CBP"). I have been employed as an enforcement officer for seven years. As part of my regular duties, I investigate the entries and attempted entries of previously deported aliens into the United States. I have received training concerning immigration-related laws, policies, and procedures, including those related to the reentry of previously deported aliens.

2.       This affidavit is submitted in support of a criminal complaint alleging that Ikuko Onoe ("ONOE") has violated 8 U.S.C. § 1326(a), and 6 U.S.C. § 202(4), Reentry of Removed Alien, by being present in the United States and attempting to re-enter the United States after being deported and removed from the United States. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging ONOE with attempted illegal reentry, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that ONOE committed the offense stated in the complaint.

3.       This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents and officers and by others persons identified in this

affidavit, and my review of records maintained by CBP, other components of the Department of Homeland Security ("DHS"), and other governmental agencies.

## II.    PROBABLE CAUSE: FACTS AND CIRCUMSTANCES

4.    According to DHS records, ONOE is a native and citizen of Japan and has no claim to United States citizenship or lawful residence. DHS records reflect that ONOE was born in Japan on or about July 27, 1950.

5.    DHS records reflect that ONOE entered the United States on or about August 20, 2007 pursuant to a visa waiver program that permitted her to remain in the United States until November 19, 2007.

6.    DHS records further reflect that ONOE was found to have violated the conditions of admission under the waiver program in that she sought to gain entry to the United States in order to engage in criminal or immoral activities. On or about October 16, 2007, ONOE was found removable from the United States, according to DHS records, and, in fact, was deported and removed to Japan on or about October 23, 2007 through O'Hare International Airport ("O'Hare"). DHS records show that ONOE received and signed a document stating that she is prohibited from entering, attempting to enter, or being in the United States for a period of ten (10) years following the date of her removal.

7.    I have reviewed electronic databases maintained by DHS and found no evidence that ONOE applied for permission of the Secretary of Homeland Security to re-enter the United States, nor evidence that the Attorney General or the Secretary of Homeland

Security granted the defendant permission to re-enter the United States, subsequent to her removal on October 23, 2007.

8.     According to DHS records, ONOE attempted to enter the United States via O'Hare as a visa waiver applicant on November 9, 2007. She was denied entry and returned to Japan on or about November 10, 2007. According to DHS records, ONOE again attempted to enter the United States via O'Hare as a visa waiver applicant on January 2, 2008. She was denied entry and returned to Japan on or about January 4, 2008.

9.     ONOE again attempted to enter the United States as a visa waiver applicant through O'Hare on January 13, 2008. According to customs officials, ONOE arrived on United Airlines flight 884 from Tokyo, Japan, and presented herself for inspection using a Japanese passport bearing her name and date of birth. She was referred for a secondary inspection and again determined to be inadmissible.

10.    I saw OKOE at O'Hare on January 13, 2008, and on January 2, 2008. I also have seen the photograph taken of ONOE on or about October 16, 2007 at the time that she was ordered removed from the United States. I have determined that the individual before the Court is the same individual who was ordered removed from the United States.

11.    On January 13, 2008, I advised ONOE of her *Miranda* rights. ONOE signed a written waiver of her rights and agreed to speak with me. During her interview, ONOE admitted that: (1) she is a citizen of Japan; (2) she has no legal claim to United States citizenship; (3) she was ordered removed from the United States to Japan on October 16,

2007; (4) she was admonished by federal agents on January 2, 2008 that she needed permission from the Secretary of Homeland Security in order to attempt to re-enter the United States; (5) she was advised by federal agents on January 2, 2008 that she could not enter the United States using the visa waiver program; and (6) she did not receive permission from the Secretary of Homeland Security to apply for re-entry into the United States prior to arriving at O'Hare on January 13, 2008.

FURTHER AFFIANT SAYETH NOT.

JONATHAN T. CICHY
Enforcement Officer, U.S. Customs
and Border Protection

SUBSCRIBED AND SWORN to before me on January 15, 2008.

MICHAEL T. MASON
United States Magistrate Judge