IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  08 CR 32 |
| v. | ) | |
| | ) | Judge Samuel Der-Yeghiayan |
| IKUKO ONOE | ) | |

**DEFENDANT ONOE'S _AGREED_ MOTION REQUESTING
ADDITIONAL TIME TO FILE PRETRIAL MOTIONS AND FOR AN ORDER
PERMITTING DEFENDANT TO FILE PRETRIAL MOTIONS UNDER SEAL IN
ACCORDANCE WITH LOCAL RULE 26.2**

Now comes defendant IKUKO ONOE, by and through her attorney, Gregory T. Mitchell, and respectfully moves for additional time to file pretrial motions and the issuance of a court order permitting defendant to file pretrial motions under seal in accordance with Local Rule 26.2.  In support of this motion the following is submitted:

1.  Defendant IKUKO ONOE was arrested and detained on January 13, 2008, by the department of Homeland Security and the Bureau of Immigration and Customs Enforcement after being charged with unlawful re-entry into the United States, a violation of being Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4).

2.  On February 13, 2008, the Special March 2007 Grand Jury returned a one-count indictment charging defendant IKUKO ONOE with violating Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4) – attempting to enter the United States without previously having obtained the express consent of the Secretary of the Department of Homeland Security for reapplication, after being deported

1

and removed from the United States on or about October 23, 2007.  Defendant ONOE remains in custody.

3.  After reviewing documents and records provided by the University of Chicago concerning the defendant, and discussing the issues raised therein with defendant Onoe, counsel has reason to suspect that defendant ONOE's alleged unlawful re-entry into the United States was involuntary.  The matter that will be presented in support of defendant's theory of defense is highly personal, confidential and involves issues that are not suitable for disclosure in the public record.

4.   Because counsel believes that defendant's theory of defense could potentially serve as a complete defense to the underlying charge, counsel needs additional time to organize, summarize and assemble all pertinent documents, as well as ensure defendant is given a fair opportunity to fully develop its theory of defense.

5.  Assistant U.S. Attorney Christopher McFadden, the assigned government attorney in this case has been consulted and has advised that the government has no objection to this motion.

>Respectfully submitted,
>
>/s/Gregory T. Mitchell
>Gregory T. Mitchell
>Law Office of Gregory T. Mitchell, P.C.
>18141 Dixie Highway, Suite 111
>Homewood, Illinois 60430
>(708) 799-9325
>Email: mitchlaw00@sbcglobal.net
>Attorney for IKUKO ONOE