UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 32 |
| v. | ) | |
| | ) | Hon. Samuel Der-Yeghiayan |
| IKUKO ONOE | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION REQUESTING A PSYCHIATRIC AND/OR PSYCHOLOGICAL EXAMINATION**

The UNITED STATES OF AMERICA, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby respectfully files this response to Defendant's Motion Requesting That a Psychiatric And/Or Psychological Examination Be Conducted in Accordance with 18 U.S.C. § 4247(b) and the a [*sic*] Psychiatric or Psychological Report be Filed with the Court in Accordance with 18 U.S.C. § 4247. In response to defendant's motion, the Government states as follows:

1. Defendant's motion was filed under seal on or about June 3, 2008. (Doc. No. 19). The Government received a copy of the motion and its attached exhibits on June 17, 2008. The Court has scheduled a hearing to discuss the motion on June 19, 2008 at 9:30 a.m. (Doc. No. 21).

2. Defendant currently is charged with attempting to illegally re-enter the United States, in violation of 8 U.S.C. § 1326(a). The Indictment alleges that she was removed from the United States on October 23, 2007 and denied admission on January 2, 2008. As a general rule, § 1326 is a general intent crime. A defendant must knowingly re-enter the country, meaning that she must not enter the United States involuntarily, *see United States v. Carlos-Colmenares*, 253 F.3d 276, 277 (7th Cir. 2001), but "intent to reenter the country without the Attorney General's express consent

is not an element of section 1326."[1] *Id*; *see also United States v. Rodriguez*, 416 F.3d 123, 128 (2d Cir. 2005). Thus, the defendant's motivation for seeking to re-enter the United States is irrelevant to the offense charged in the Indictment. *See Carlos-Colmenares*, 253 F.3d at 279-80 ("A person who has been deported from the United States can avoid any risk of violating 8 U.S.C. § 1326 just by not returning to the United States; he knows he is not welcome. If nevertheless he decides to return, he had better make sure he has the Attorney General's express consent.").

    3.    Defense counsel has requested an examination of his client pursuant to 18 U.S.C. § 4247(b) and further requested a report of such examination pursuant to § 4247(c). It appears that counsel is seeking an examination and report regarding two separate questions: (1) whether the defendant "was, on January 13, 2008, suffering from a psychiatric or psychological disorder rendering the defendant incapable from understanding or appreciating the criminal nature of the conduct charged" in the Indictment; and (2) whether the defendant "in unable to understand the nature and consequences of the proceedings against her or to assist properly in [her] defense." (Mot. at 1, 7). The motion cites a paper written by the American Psychiatric Association that discusses a particular mental condition and further cites evidence produced in discovery to support a good-faith belief that the defendant may suffer from such a condition. (*Id.* at 5-7).

    4.    To promote judicial economy, and in the interests of justice, the United States requests that any § 4247(b) evaluation and § 4247(c) report should not be limited to Defendant's mental condition on January 13, 2008 but, instead, should focus on the broader question of whether, on January 13, 2008 *and* on October 23, 2007 and January 2, 2008 *and* at the present time: (1) the

---

[1] *But see United States v. Gricidas-Uliberry*, 231 F.3d 1188 (9th Cir. 2001) (stating that attempted illegal entry is specific-intent crime).

defendant was able to understand or appreciate the nature of her conduct; and (2) the defendant is now able to understand the nature of the proceedings and assist with her defense.

5. Furthermore, the United States requests that the evaluation and report also address the issue of whether the defendant, both on the dates alleged in the Indictment and at the present time, had the mental capacity to "travel in . . . foreign commerce . . . with the intent to engage in conduct that violates the portion of a protection order that prohibits or provides protection against . . . contact or communication with, or physical proximity to, another person." 18 U.S.C. § 2262(a)(1). Although the Circuit Court of Cook County has entered a protective order forbidding the defendant from contacting Individual A (Mot. Exhibit J (Onoe 468-69)), the defendant has repeatedly stated that she was returning to the United States in order to visit Individual A. As such, there is a potential that the United States will seek charges under § 2262. By evaluating the defendant's mental state with respect to § 2262 at this juncture, rather than at some later date, the interests of judicial economy, due process, and substantive justice would be best served.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        /s/ Christopher R. McFadden
By:
        CHRISTOPHER R. MCFADDEN
        Assistant U.S. Attorneys
        219 S. Dearborn Street
        Chicago, IL  60604
        (312) 353-1931

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing ("ECF"), the following document:

**Government's Response to Defendant's Motion Requesting a Psychiatric and/or Psychological Evaluation**

was served, pursuant to the district court's ECF system, to opposing counsel of record.

DATE: June 17, 2008.

/s/ Christopher R. McFadden
Christopher R. McFadden
Assistant United States Attorney